# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1269V
Filed: August 26, 2019
UNPUBLISHED

| | |
|---|---|
| MARGARET DELORENZO,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Table Injury;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.
*Mollie Danielle Gorney*, U.S. Department of Justice, Washington, DC, for respondent.

## **RULING ON ENTITLEMENT**[1]

**Dorsey**, Chief Special Master:

    On September 15, 2017, Margaret DeLorenzo ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program") alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on September 19, 2016. Petition at 1. The case was assigned to the Special Processing Unit ("SPU").

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 25, 2019, the undersigned issued a Fact Ruling, finding there is preponderant evidence to establish that petitioner received the flu vaccination in her left arm.  Fact Ruling at 5 (ECF No. 33).

On August 14, 2019, respondent filed a supplemental Rule 4(c) Report indicating that, although he reserves his right to a potential appeal of the factual ruling, he recognizes the undersigned's factual finding is "the law of the case . . . [and] advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters."  Suppl. Rule 4 Report at 2 (ECF No. 34).[3]  Specifically, respondent indicates that "[i]n light of the Chief Special Master's fact ruling, and the medical record evidence submitted in this case, DICP has concluded that petitioner suffered [a] SIRVA as defined by the Vaccine Injury Table."  *Id.* at 7.  Respondent adds that "based on the record as it now stands and subject to his right to appeal the Factual Ruling, respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.* at 8.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

>                         **s/Nora Beth Dorsey**
>                         Nora Beth Dorsey
>                         Chief Special Master

---

[3] Additionally, respondent clarifies that he is not waiving "any defenses that [he] may assert in the damages phase."  Suppl. Rule 4 Report at 7 n.3.